IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-29,572-08






EX PARTE THOMAS DUANE BLANCHARD, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 12716 IN THE 344TH DISTRICT COURT


FROM CHAMBERS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex.Crim.App. 1967). Applicant was convicted of burglary of a
building and was sentenced to six years and six months in prison. 

 Applicant contends that he is being confined on a parole violator warrant (a/k/a blue warrant)
arising from his conditional release for this conviction although the sentence was to have discharged
on June 14, 2012. Applicant has alleged facts that, if true, might entitle him to relief. Ex parte
Patterson, 993 S.W.2d 114, 115 (Tex.Crim.App. 1999). In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex.Crim.App. 1960), the trial
court is the appropriate forum for findings of fact.

 The trial court shall order the Texas Department of Criminal Justice's Office of the General
Counsel to file an affidavit responding to Applicant's claim that he is being unlawfully confined past
his discharge date. The trial court may also order depositions, interrogatories, or a hearing. In the
appropriate case, the trial court may rely on its personal recollection. Id. If the trial court elects to
hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes
to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the
hearing. Tex. Code Crim. Proc. art. 26.04.

 The trial court shall make findings of fact and conclusions of law as to whether Applicant
is being unlawfully confined past the discharge date for this offense. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 45 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 60 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: January 16, 2013

Do not publish